IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RYAN MONAGHAN**                                                                                        **PLAINTIFF**

**v.**                                                                                   **CIVIL ACTION NO. 1:19-cv-895-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

**OPINION AND ORDER**

Plaintiff Ryan Monaghan brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying his claims for disability insurance benefits and supplemental security income. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Commissioner's final decision should be AFFIRMED and this action should be DISMISSED with prejudice.

**PROCEDURAL HISTORY**

In February of 2017, Plaintiff applied for disability insurance benefits and supplemental security income, alleging that he had been disabled since October 7, 2016, due to cerebellar atrophy,[1] dizziness, and lightheadedness. (Administrative Record [15] at 65-67; 165-168). After the agency denied Plaintiff's claims, an Administrative Law Judge ("ALJ") held a hearing, and on November 9, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. ([15] at 14-22). Plaintiff then appealed the ALJ's decision to the Appeals Council. On September 16, 2019, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the

---

[1] Cerebellar atrophy or cerebellar degeneration "is a process in which neurons (nerve cells) in the cerebellum—the area of the brain that controls coordination and balance—deteriorate and die." *See* National Institute of Neurological Disorders and Stroke, https://www.ninds.nih.gov (last visited October 1, 2020).

1

final decision of the Commissioner ([15] at 5-7).  Plaintiff now seeks judicial review in this

Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In her November 9, 2018, decision, the ALJ applied the five-step sequential analysis set

forth in 20 C.F.R. § 404.1520(b)-(f)[2] and determined that Plaintiff was not disabled.  At step one,

the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 7,

2016.  At step two, the ALJ found that Plaintiff had the following severe impairments: "spastic

paraplegia,[3] obesity, and cerebellar atrophy."  At step three, the ALJ found that Plaintiff did not

have an impairment or combination of impairments that met or medically equaled the severity of

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([15] at 16-17).  The

ALJ then examined the record and determined that Plaintiff had the residual functional capacity

---

[2] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92.  The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[3] Spastic paraplegia "refers to a group of inherited disorders that are characterized by progressive weakness and spasticity (stiffness) of the legs." *See* National Institute of Neurological Disorders and Stroke, https://www.ninds.nih.gov (last visited October 1, 2020).

("RFC")[4] to "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[5] with the following additional limitations: must never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, crouch, kneel, and stoop; must never crawl; and limited to only routine and repetitive tasks." ([15] at 17).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. ([15] at 20). At step five, however, the ALJ found that jobs existed in significant numbers in the national economy Plaintiff could perform. ([15] at 21). Accordingly, the ALJ found that Plaintiff was not disabled. ([15] at 21-22).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

---

[4] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff raises two grounds for relief: (1) the ALJ failed to attain meaningful guidance from a healthcare professional in determining Plaintiff's functional capacity and (2) the ALJ's subjective complaint analysis is not supported by substantial evidence.

### *Treating Physicians*

Plaintiff contends that the ALJ failed to give due consideration to the medical opinions of two of Plaintiff's treating physicians. Specifically, Plaintiff argues that the ALJ erred by giving little weight to the opinions of Dr. Virginia Blalack and Dr. Paldeep Atwal without providing sufficient reasons for rejecting the opinions.

On May 30, 2017, Dr. Blalack completed a "Physical Medical Source Statement" concerning Plaintiff's impairments. ([15] at 544-48). According to Dr. Blalack, Plaintiff suffered from cerebellar atrophy, with symptoms including ataxia, gait instability, dizziness, weight loss,

4

and fatigue. Dr. Blalack indicated that Plaintiff's symptoms constantly interfered with his attention and concentration and that he was severely limited in his ability to deal with work stress. Dr. Blalack indicated that Plaintiff could walk for less than one city block; could stand for no more than five minutes; could stand or walk for no more than two hours during an eight hour work day; would need a cane or other device to stand or walk; could never lift and carry even ten pounds; could never use his hands, fingers, or arms to grasp, perform fine manipulation, or reach; and could never bend or twist at the waist. When prompted to identify the clinical findings and objective signs of Plaintiff's impairments, Dr. Blalack responded as follows: "ataxic gait, poor balance, positive Romberg." ([15] at 544-48).

On November 27, 2017, Dr. Blalack completed another "Physical Medical Source Statement." ([15] at 539-43). In the latest questionnaire, Dr. Blalack added the diagnosis of spastic paraplegia and made a few changes which differed from her findings in May of 2017. For example, Dr. Blalack indicated that Plaintiff could sit for no more than thirty minutes; could sit for no more than two hours during an eight hour work day; would need a break lasting five to thirty minutes each hour; would not need a cane or other device to stand or walk; and could occasionally lift and carry less than ten pounds. As for clinical findings and objective signs, Dr. Blalack noted ataxia and "weakness on exam of all 4 extremities." ([15] at 539-43).

On November 2, 2017, Dr. Atwal completed a "Neurological Disorders Medical Source Statement," noting Plaintiff's spastic paraplegia. ([15] at 534-38). According to Dr. Atwal, Plaintiff could walk for one city block; could stand for no more than fifteen minutes; could neither sit nor stand for a total of two hours during an eight hour work day; would need a break lasting up to thirty minutes each hour; could rarely lift and carry less than ten pounds; and had significant limitations in reaching, handling, and fingering.

The ALJ considered these opinions and ultimately afforded them "little weight." The ALJ explained:

> Dr. Atwal filled out a form that stated numerous limitations, which would prevent the claimant from sustaining work activity. These limitations include an inability to sit, stand or walk for 2 hours or more. Another treating doctor, Dr. Blalack, also filled out two forms, stating numerous physical limitations that would prevent the claimant from sustaining any work activity. However, their treating opinions receive very little weight since they are not supported by the aforementioned evidence or record, objective testing, or these doctors' treating notes.

([15] at 20) (internal citations omitted).

A treating physician's opinion on the nature and severity of a patient's impairments must be accorded controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The law, however, is clear that the ALJ has the sole responsibility of determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

A treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. *Id*. at 456. Good cause exists when the treating physician's opinions are so brief and conclusory that they lack persuasive weight, when they are not supported by medically acceptable techniques, or when the evidence supports a different conclusion. *Id*.

The regulations require the ALJ to perform a detailed analysis of a treating physician's views under the criteria set forth in 20 C.F.R. §§ 404.1527(c), 416.927(c) in the absence of controverting medical evidence from other treating and/or examining physicians. *Id*. at 453. Pursuant to 20 C.F.R. §§ 404.1527(c) and 416.927(c), the factors to be considered are the length of the treatment relationship and the frequency of examination, nature and extent of the treatment

relationship, supportability, consistency, specialization, and other factors. If the ALJ concludes that the treating physician's records are "inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e)." *Id*.

Plaintiff argues that the opinions of Dr. Blalack and Dr. Atwal are supported by the evidence and that the ALJ merely cited to her own interpretation of the evidence to discount the doctors' opinions. Although Plaintiff points to records which support his argument, the record as a whole contains sufficient evidence demonstrating that the objective medical evidence does not support the limitations assigned by Dr. Blalack and Dr. Atwal.

The ALJ pointed out that an MRI of Plaintiff's brain on October 21, 2016, revealed "no acute disease" and another MRI in March of 2017 revealed "moderate to severe diffuse atrophy of the cerebellum which is grossly stable compared to prior study" with mild atrophy of the cervical spinal cord." ([15] at 19; 419; 568). The ALJ also noted that neuropsychiatric testing showed "very mild cognitive impairment." ([15] at 555). Additionally, autonomic testing (testing of the nerves of the autonomic nervous system which control heart rate, blood pressure, and sweat glands) and an electroencephalogram ("EEG") were normal. ([15] at 555). The record also shows that physical therapy helped with Plaintiff's balance. ([15] at 576).

The ALJ considered the opinions of state agency medical consultants. Dr. Wendell Glover determined that Plaintiff could perform light work.[6] ([15] at 69-75). Thereafter, Dr.

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling or arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all

Glenn James concurred that Plaintiff could perform light work. ([15] at 89-95). The ALJ, however, did not give these opinions significant weight, finding that Plaintiff had more limitations than those identified by the medical consultants. ([15] at 20).

The ALJ also considered Plaintiff's activities. The ALJ noted that Plaintiff works out by riding an indoor bike for an hour and a half every day and also noted that on November 10, 2017, Plaintiff was riding a bicycle outdoors when he wrecked due to a bee flying into his ear. ([15] at 19; 551). Additionally, the ALJ noted that Plaintiff was able to perform many activities such as washing clothes and dishes, vacuuming, sweeping, and shopping. ([15] at 19). Plaintiff was also able to play video games and fish. ([15] at 19).

The record contains evidence demonstrating that Plaintiff did not suffer from the severe limitations described by Dr. Blalack and Dr. Atwal. "What [Plaintiff] characterizes as the ALJ substituting [her] opinion is actually the ALJ properly interpreting the medical evidence to determine [Plaintiff's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). This Court does not resolve conflicts in the evidence; that is left to the discretion of the Commissioner. Here, Plaintiff has failed to show that no credible evidence supports the Commissioner's determination. The ALJ's treatment of the opinions of Dr. Blalack and Dr. Atwal does not require reversal of the Commissioner's decision or remand of this action.

*Subjective Complaints*

Plaintiff argues that the ALJ erred in assessing his RFC because the ALJ failed to properly consider Plaintiff's subjective complaints. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain and other symptoms. *See* 20 C.F.R. §§

---

of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R § 416.917(b).

404.1529, 416.929; SSR 16-3p.  First, an ALJ considers whether there is a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms described by the claimant.  If an ALJ determines that such an impairment is present, the ALJ determines the "intensity, persistence, or limiting effect" of the alleged symptoms.  An ALJ considers the record as a whole, including both objective and subjective evidence.[7]

Although an ALJ should consider a claimant's subjective complaints, a claimant's own statements regarding his pain and symptoms are not determinative of disability status. 20 C.F.R. § 404.1529.  "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983).

In this case, the ALJ made the following determination:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

([15] at 18).

In making this determination, the ALJ considered Plaintiff's medical records and other evidence, such as Plaintiff's daily activities.  As previously mentioned, the ALJ noted that

---

[7] In addition to objective medical evidence, an ALJ should consider several other categories of evidence, including: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measure other than treatment the individual uses or has used to relieve pain or other symptoms (e.g. lying on his back, standing for 15 to 20 minutes every hour, or sleeping on a board); and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

Plaintiff could perform household chores (such as washing clothes, vacuuming, and sweeping) and maintained hobbies (such as playing video games and fishing).  The ALJ also discussed Plaintiff's vigorous exercise regimen and noted that, as a result of Plaintiff's exercise regimen, he was able to decrease his weight from 245 pounds to 183 pounds. ([15] at 19).

Plaintiff points to his testimony describing difficulties, such as needing handrails to navigate stairs, his ability perform tasks at only 60% efficiency, and his inability to "get out."  The Court recognizes that there is some evidence of record which supports Plaintiff's claims.  This Court, however, does not resolve conflicts in the evidence; that is left to the discretion of the Commissioner. *Selders,* 914 F.2d at 617.  Here, Plaintiff has failed to show that no credible evidence supports the Commissioner's determination.  The ALJ found that the evidence of record (including Plaintiff's daily activities) was more persuasive than Plaintiff's subjective complaints, a determination within the purview of the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence.").  The ALJ gave sufficient reasons for her findings, and the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and that no reversible errors of law were committed by the ALJ.

IT IS, THEREFORE, ORDERED that:

1. The Commissioner's final decision is AFFIRMED.

2. This action is DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 5th day of October, 2020.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE